Filed 7/26/23  P. v. Quintero CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAURENCIO QUINTERO,<br><br>    Defendant and Appellant. | C097289<br><br>(Super. Ct. No. 15F03952) |

On February 22, 2018, a jury found defendant Laurencio Quintero guilty of first degree murder, willful and malicious discharge of a firearm at an inhabited dwelling, possession of a firearm by a felon, residential burglary, and willful discharge of a firearm in a grossly negligent manner.  The jury further found defendant had used a firearm in violation of section 12022.53, subdivisions (b), (c), and (d).[1]  Finally, in a bifurcated proceeding, the trial court found defendant had suffered a prior strike (§§ 677, subds. (b)-

---

[1]  Undesignated statutory references are to the Penal Code.

1

(i), 1170.12). (*People v. Quintero et al.* (Oct. 15, 2019, C086794) [nonpub. opn.] (*Quintero).*) The trial court sentenced defendant to an aggregate prison term of 50 years to life for the murder plus 10 years 8 months consecutive. Defendant appealed, and we struck the jury's findings as to the section 12022.53 subdivision (b) and (c) enhancements, corrected the custody credit award, and otherwise affirmed the judgment in an unpublished decision. (*Quintero, supra,* C086794.)

On January 17, 2020, defendant filed a petition for resentencing under former section 1170.95 (now section 1172.6).[2] The trial court appointed counsel and briefing ensued. On May 1, 2020, the trial court denied defendant's petition, finding the jury instructions given did not implicate the legislative changes, rather defendant's jury had been instructed on "aiding and abetting as the sole theory of liability."[3] Defendant does not appear to have appealed this order. Thereafter, on January 21, 2022, defendant filed an in propria persona request on the status of his resentencing petition. On July 21, 2022, the trial court issued an order explaining the procedural history of the case and reaffirming the denial of defendant's petition for resentencing "because his jury was not instructed on an invalid theory."

On December 2, 2022, this court granted defendant's request to file an untimely appeal under the constructive filing doctrine. Thereafter, appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*),

---

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute.

[3] Review of our prior opinion confirms that defendant's jury was instructed on first degree premeditated murder, direct aiding and abetting first degree premeditated murder, and second degree implied malice murder. (*Quintero, supra*, C086794.) There is no suggestion the jury was instructed with felony murder or the natural and probable consequences doctrine.

but requesting we exercise our discretion to review the entire record for arguable issues on appeal.

On June 4, 2023, appellate counsel wrote defendant, explaining he would be filing a *Delgadillo* brief, and if defendant failed to file a supplemental brief, his appeal would likely be dismissed. On June 5, 2023, this court also sent a letter notifying defendant: (1) his counsel filed an appellate brief stating her review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. We advised defendant that if the court did not receive a letter brief within that period, "the court may dismiss the appeal as abandoned."

On June 14, 2023, defendant filed a supplemental brief which we understand to challenge: (1) the trial court's denial of his motion to replace his counsel at his original trial; (2) the consolidation and/or joinder of the murder counts with other alleged wrongdoing prior to his original trial; and (3) challenges to evidence or the lack thereof arising from his original trial. We will affirm the trial court's order.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely

3

on his or her participation in a crime." (§ 188, subd. (a)(3).) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left intact implied malice murder for direct aiders and abettors. (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839, 846-848, 850.)

"Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of . . . Section 190.2.' ([]§ 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

Here, defendant's attorney in the trial court conceded his jury had not been instructed with either the natural and probable consequences doctrine or felony murder and thus appeared ineligible for relief. Thereafter, the People argued and the trial court found that defendant's petition should be denied because his jury had not been instructed on a now invalid theory, and he was thus ineligible for relief. Defendant does not challenge the trial court's determination he was ineligible for relief because his jury was not instructed on either felony murder or the natural and probable consequences doctrine.

Rather, defendant attacks: the trial court's failure to grant his motion to replace his trial counsel prior to his original trial; the consolidation and/or joinder of the murder counts with other alleged wrongdoing prior to his original trial; and the evidence or the lack thereof arising from his original trial. However, these arguments misapprehend the procedural posture of this case. The propriety of these decisions are not cognizable from a denial of defendant's resentencing petition. Only the propriety of the trial court's section 1172.6 determination is properly before us. (See *People v. Strong, supra*, 13 Cal.5th at p. 713 [resentencing under section 1172.6 involves "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of "errors in past factfinding"].) Accordingly, this appeal fails.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

KRAUSE, J.

/S/

_____

BOULWARE EURIE, J.